Burns v. Clark, 200 Ill. App. 277.

## James T. Burns, Administrator, Appellee, v. Nellie Clark, Appellant.

### Gen. No. 6,184.    (Not to be reported in full.)

Appeal from the Circuit Court of Kankakee county; the Hon. Arthur W. Deselm, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 14, 1916.

### Statement of the Case.

Action of assumpsit by James T. Burns, administrator of the estate of Carrie Langdon, deceased, plaintiff, against Nellie Clark, defendant, to recover the amount of a bank deposit made by the defendant and alleged to have consisted of money belonging to the plaintiff's intestate. From a judgment for plaintiff, defendant appeals.

Mrs. Nellie Clark, Mrs. Carrie Langdon and Levi Benjamin were sisters and brother. Dr. F. R. Langdon, husband of Carrie Langdon, died at Louisville, Kentucky, early in February, 1913. Benjamin ' and Mrs. Clark went there to the funeral. Mrs. Langdon was suffering from an incurable disease and after the funeral her brother and sister brought her to the home of Mrs. Clark in Kankakee, Illinois. Mrs. Langdon had money in a bank in Louisville, and before they left there Mrs. Clark was in possession of the amount Mrs. Langdon had in the bank in the shape of a draft or check which she brought with them to Kankakee. Shortly after they reached Kankakee, probably the next day, and on February 13, 1913, Mrs. Clark opened a checking account in a bank in Kankakee in the name of "Mrs. P. R. Langdon or Nellie Clark," and deposited on that day to said account said draft or check in the sum of $3,179.90, and received a deposit book in the same name. On June 5, 1913, Mrs. Clark drew out that sum of money and closed the account. On June

8, 1913, Mrs. Langdon died. Thereafter plaintiff became administrator of Mrs. Langdon's estate and brought this suit to recover the amount of said deposit. Mrs. Clark, in defense, proved by various witnesses declarations by Mrs. Langdon. Some to the effect that she had given this draft or this money or all her money to Mrs. Clark, and others that she wanted or intended to give this money or her property to Mrs. Clark. A few days before Mrs. Langdon died, Mrs. Latimer, a daughter of Mrs. Langdon by a former marriage, and her husband, came from their home in Springfield, Ohio, to Kankakee, upon a telegram from Mrs. Clark, and remained there until after the funeral of Mrs. Langdon. They had a conversation with Mrs. Clark after the funeral concerning this money deposited in the Kankakee bank. They testified that Mrs. Clark at first denied that there was any money in the Kankakee bank belonging to Mrs. Langdon, and that when Latimer told her that they had been to the bank and ascertained that Mrs. Langdon had money on deposit there, Mrs. Clark then admitted to them that their mother had about $3,200 on deposit in the bank. In rebuttal, Mrs. Clark was called as a witness in her own behalf as to said conversation, and she placed the conversation at a different hour of the day from what the Latimers did, and gave a somewhat different version of it, but stated that she in that conversation said to them: "She (meaning Mrs. Langdon) gave all the money she had to me to pay her bills." No effort was made by the defendant to prove what bills were incurred nor what sums she paid upon any bills for Mrs. Langdon. Dr. Brown, a witness for defendant, attended Mrs. Langdon during the entire four months. He was not asked the amount of his proper charges for his services to her, nor whether he had been paid, nor by whom.

T. W. SHIELDS, H. F. RUEL and A. E. SMITH, for appellant.

WALTER C. SCHNEIDER and FRANK J. BURNS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

### Abstract of the Decision.

1. ASSUMPSIT, ACTION OF, § 89*—*when evidence sufficient to sustain judgment for administrator for amount of bank deposit.* In an action of assumpsit by an administrator to recover the amount of a bank deposit, consisting of money of the intestate which the defendant had deposited in her name and that of the intestate jointly, a judgment for the plaintiff was sustained where there appeared in the evidence, among other things, a statement by the defendant that the money was given her by the intestate to pay her bills with, and there was no evidence introduced to show what bills had been paid or the amount thereof.

2. WITNESSES, § 1131*—*when competent to testify as to conversation relative to estate.* In an action by an administrator to recover of the defendant money alleged to have belonged to the intestate and deposited in a bank by the defendant in her name and that of the intestate jointly, such defendant and a third party are competent to testify as to a conversation between them, occurring after the intestate's death, as to whether such a deposit was made and the purpose for which it was made.

3. SET-OFF AND RECOUPMENT, § 4*—*what is recoupment.* Recoupment is the act of abating a part of a claim on which one is sued, by means of a legal or equitable right resulting from a counter claim arising out of the same transaction.

4. SET-OFF AND RECOUPMENT, § 17*—*when defendant in action by administrator may recoup expenses.* In an action by an administrator to recover the amount of a bank account alleged to have belonged to the intestate and deposited in her name and the name of the defendant jointly, the defendant may, under the plea of nonassumpsit, recoup the amount thereof expended in paying bills of the intestate, if the evidence shows that was the purpose for which the deposit was made and what such bills were and the amount thereof.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.